IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Jeffrey L. McCurry, | ) | |
|---|---|---|
| | ) | Civil Action No. 4:09-cv-01727-JMC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the Social Security Administration | ) | |
| Defendant. | ) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation [Entry #18], filed on July 29, 2010, addressing Plaintiff's claims for social security disability (disability insurance benefits and supplemental security income benefits) under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401-33, 1381-83(c). The Administrative Law Judge ("ALJ") of the Social Security Administration determined that Plaintiff is not disabled within the meaning of the Act and thus not entitled to benefits. The Magistrate Judge's Report and Recommendation concludes that the ALJ's decision to deny benefits is not sufficiently supported by the record and thus the Magistrate Judge was not able to determine if the decision was supported by substantial evidence. Therefore, the Magistrate Judge recommends that the Commissioner's decision be reversed and remanded to the Commissioner for additional administrative proceedings under sentence four of 42 U.S.C. § 405(g).

More specifically, the Magistrate Judge determined that the ALJ did not properly consider,

assess, and determine the weight to be accorded to the various medical opinions regarding Plaintiff's physical limitations, including Plaintiff's treating physicians, which were performed at the direction of Plaintiff's employer's worker's compensation carrier; omits Dr. Glenn L. Scott's (Plaintiff's treating orthopaedic surgeon) opinion that Plaintiff continues to have considerable back and bilateral leg pain and marked restrictions of his activities and is limited to sedentary work activities which Plaintiff can perform with difficulty on a full-time basis; provides no weight to Dr. Chris Boggs'(Plaintiff's treating family practice physician) opinion that Plaintiff is "unemployable" and Dr. Robert Schwartz' opinion (Plaintiff's treating physical medicine and rehabilitation specialist) that Plaintiff has significant physical limitations; and did not mention Randy Adams's (vocational expert) report which found that Plaintiff is disabled. Given these omissions from the ALJ's decision, the Magistrate Judge concluded that he could not conduct a proper review of the record to determine if there was substantial evidence in the record to support the ALJ's finding that Plaintiff is not disabled. The Report and Recommendation sets forth the relevant facts and legal standards which this court incorporates herein without a recitation. The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Commissioner timely filed objections to the Magistrate Judge's Report and Recommendation [Entry #20]. In his objections, the Commissioner asserts that the Magistrate Judge erred in his determination that the Commissioner did not adequately review and assess the medical opinions of Dr. Scott, Plaintiff's treating physician. Further, the Commissioner argues that the Magistrate Judge is incorrect in his assertion that he cannot conduct a proper review of the record to determine if the ALJ's decision is supported by substantial evidence because of his improper analysis of the treating physicians' various medical opinions. The court finds that the Magistrate Judge performed a thorough analysis of the record and cited to many instances in which the ALJ did not reference the medical reports of Plaintiff's treating physicians or did not explain sufficiently his findings and conclusions from the medical sources.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Entry #18] and incorporates it herein. It is therefore **ORDERED** that the Commissioner's decision is reversed and remanded in accordance with 42 U.S.C. § 405(g) (providing that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

    **IT IS SO ORDERED.**

                                                          s/J. Michelle Childs
                                                          United States District Judge

Greenville, South Carolina
September 21, 2010