IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeffrey L. McCurry, | ) | |
| | ) | C.A. No. 4:09-cv-01727-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the Court upon Plaintiff's Petition for Fees Under the Equal Access to Justice Act ("EAJA") [28], 28 U.S.C. § 2412(d). The Commissioner opposes the petition on the ground that its position in this case was substantially justified.

      "A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circum-stances make an award unjust." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The government has the burden of demonstrating substantial justification in both fact and law. *Id.* "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). The standard requires more from the government than a showing of lack of frivolity. *See Pierce v. Underwood*, 487 U.S. 552 (1988). However, the government's position may be justified even though it is incorrect and may be substantially justified if a reasonable person could believe the government's position was appropriate. *Id.* at 566 n. 2.

1

In this case, Plaintiff alleged disability at the age of 28 as a result of lower back problems. The Administrative Law Judge ("ALJ") of the Social Security Administration determined that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits.  Plaintiff argued that the ALJ mischaracterized the evidence, failed to consider the combined effects of his impairments, and did not properly consider the opinions of his treating physicians, Drs. Scott, Boggs and Schwartz.  The Commissioner argued that the ALJ adequately summarized the evidence and considered all of Plaintiff's credible limitations, that the ALJ's failure to consider Dr. Scott's opinion was harmless error, and that the ALJ adequately considered the opinions of Drs. Boggs and Schwartz. The court remanded the case for further proceedings under sentence four of 42 U.S.C. § 405(g) because the ALJ did not address the opinion of Dr. Scott and did not adequately consider the opinions of Drs. Boggs and Schwartz.

Having considered the record, the court finds that the Commissioner's position, although unsuccessful, was substantially justified because it had a basis in law and fact.  *See e.g., Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005) (finding that the ALJ is not required in all cases to give the treating physician's opinion greater weight than other evidence in determining eligibility for social security disability benefits; rather, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence).

For the foregoing reasons, Plaintiff's Petition for Fees Under the Equal Access to Justice Act [28] is **DENIED**.

**IT IS SO ORDERED.**

                                           s/J. Michelle Childs
                                            United States District Judge

Greenville, South Carolina
May 20, 2011